**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **Robert Trask** | ) |
| 1428 Lake Knoll Drive | ) |
| Lake Saint Louis, MO 63367 | ) |
| | ) |
| *Plaintiff,* | ) |
| v. | ) **COMPLAINT** |
| | ) **Civil Action No:** |
| **U.S. Department of Justice** | ) |
| Office of Information Policy | ) |
| Sixth Floor | ) |
| 441 G Street, NW | ) |
| Washington, DC  20530 | ) |
| | ) |
| **As to the Defendant Serve:** | ) |
|    United States Attorney for the | ) |
|    District of Columbia | ) |
|    555 4th Street NW | ) |
|    Washington, DC  20530 | ) |
| | ) |
|    Attorney General of the United States | ) |
|    U.S. Department of Justice | ) |
|    950 Pennsylvania Avenue | ) |
|    Washington, DC  20530 | ) |
| | ) |
|    Defendants. | ) |

**COMPLAINT FOR DEMAND FOR DECLARATORY, INJUNCTIVE RELIEF, AND**
**JUDICIAL REVIEW**

Plaintiff Robert E. Trask ("Plaintiff"), by and through undersigned counsel, brings this

civil action and states as follows:

1.      The Plaintiff seeks declaratory relief, injunctive relief, and other appropriate

relief, and seeks the disclosure and release of agency records improperly withheld by Defendant,

the U.S. Department of Justice ("DOJ"), pursuant to the Privacy Act of 1974, 5 U.S.C. § 552a et

seq. ("PA") and the Freedom of Information Act, 5 U.S.C. § 552(a) et seq. ("FOIA").

**JURISDICTION AND VENUE**

2.    This Court has both subject-matter jurisdiction over this action and personal jurisdiction over the Defendants pursuant to 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. § 552(a)(6)(C)(i), 5 U.S.C. § 552a(g)(1), and 28 U.S.C. § 1331.

3.    Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. § 552a(g)(5) and 28 U.S.C. § 1391(b) and (e).

4.    The Court has the authority to issue declaratory and injunctive relief under 28 U.S.C. § 1361, 5 U.S.C. § 552(a)(4)(B), and 5 U.S.C. § 552a(g)(2)(A).

5.    The Court has the authority to award actual damages under 5 U.S.C. § 552a(g)(4)(A).

6.    The Court has the authority to award attorneys' fees and litigation costs under 28 U.S.C. § 2412 and 5 U.S.C. § 552a(g)(3)(B) and 5 U.S.C. § 552(a)(4)(E)(i).

**PARTIES**

7.    Plaintiff is a native-born United States citizen and a resident of Missouri. Plaintiff is the subject of records maintained by Defendant. Plaintiff has also filed a relief from federal firearms disabilities petition under 18 U.S.C. §925(c) with Defendant.

8.    The Defendant, DOJ, and all of its components, and employees, including Attorney General Todd Blanche, headquartered at Washington, D.C., and any all of its components, falls under the definition of "federal government agency" within the meaning of (1) 28 U.S.C. § 1346(b), 28 U.S.C. § 2401(b), and 28 U.S.C. § 2671, and (2) 5 U.S.C. § 552(f)(1) and 5 U.S.C. § 552a(a)(1). The DOJ is in possession, custody, and control over documents records about Plaintiff, and it has been in possession of a relief from federal firearms disabilities petition for Plaintiff under 18 U.S.C. §925(c) for almost one year.

2

## LEGAL FRAMEWORK

### The Freedom of Information Act

9.      The FOIA statute, 5 U.S.C. § 552, requires federal agencies to release records to the public upon request, except those protected from disclosure by one or more statutory exemptions.

10.      The FOIA statute provides that "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, *shall* make the records promptly available to any person." 5 U.S.C. § 552(a)(3) (emphasis added). Thus, FOIA creates a presumption that records held by the federal government must be produced to members of the public upon request.

11.      An agency must respond to a FOIA request within twenty (20) working days after receipt of the request, notifying the requester of the agency's determination whether to comply with such request – providing the scope of documents it will produce, exemptions it will claim (if any), and reasons for its determination – and informing the requester of their right to appeal an adverse determination to the head of the agency. 5 U.S.C. § 552(a)(6)(A)(i).

12.      In "unusual circumstances," an agency may extend its time to respond to a FOIA request or appeal by up to ten working days. 5 U.S.C. § 552(a)(6)(B).

13.      A FOIA requester is "deemed to have exhausted [its] administrative remedies with respect to [the FOIA] request if the agency fails to comply with the applicable time limit provisions" under FOIA. 5 U.S.C. § 552(a)(6)(C)(i). The requester may then file suit in federal court to obtain the  requested records.

14.     Pursuant to the FOIA, the "court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed. 5 U.S.C. § 552(a)(4)(E)(i). A "complainant has substantially prevailed if the complainant has obtained relief through either—(I) a judicial order, or an enforceable written agreement or consent decree; or (II) a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." 5 U.S.C. § 552(a)(4)(E)(ii).

**The Privacy Act**

15.     The Privacy Act provides that "[e]ach agency that maintains a system of records shall . . . upon request by any individual to gain access to his record or to any information pertaining to him which is contained in the system, permit him… to review the record and have a copy made of all or any portion thereof in a form comprehensible to him[.]" 5 U.S.C. § 552a(d)(1). The Privacy Act accordingly creates a presumption that records held by the federal government that pertain to a specific individual must be made available to that individual upon request.

16.     When an agency "refuses to comply with an individual request under subsection (d)(1) . . . the court may enjoin the agency from withholding the records and order the production to the complainant of any agency records improperly withheld from him." 5 U.S.C. § 552a(g)(1)(B); 5 U.S.C. § 552a(g)(3)(A).

17.     Further, the "court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this paragraph in which the complainant has substantially prevailed." 5 U.S.C. § 552a(g)(3)(B).

18.     When an agency fails to comply with any provision of the Privacy Act, or any rule promulgated thereunder, not articulated within 5 U.S.C. § 552a(g)(1)(A)-(C), in such a way as to have an adverse effect on an individual, the individual may bring civil action against the agency. 5 U.S.C. § 552a(g)(1)(D). If the

> "court determines that the agency acted in a manner which was intentional or willful, the United States shall be liable to the individual in an amount equal to the sum of - (A) actual damages sustained by the individual as a result of the refusal or failure, but in no case shall a person entitled to recovery receive less than the sum of $1,000; and (B) the costs of the action together with reasonable attorney fees as determined by the court."

5 U.S.C. § 552a(g)(4).

## FACTS

### Background of Issue

19.     Defendant maintains a system of records containing information about Plaintiff, who filed a petition for relief from federal firearms disabilities under 18 U.S.C. § 925(c) with Defendant in August 2025.

20.     Plaintiff is a longtime business executive who employs many individuals. Plaintiff's sole federal conviction dates back to 1997, based on actions from 1992 when he was still a teenager. Plaintiff pleaded guilty in the U.S. District Court for the Eastern District of Missouri to one count of interstate transportation of stolen property under 18 U.S.C. § 2314. The related robbery count was dismissed. He was initially sentenced to 27 months' imprisonment and three years of supervised release. Soon thereafter, the court reduced his sentence under Rule 35(b) in recognition of his substantial cooperation with the government, and he was released immediately. Plaintiff completed supervision successfully, has had no subsequent arrests or convictions in more than 30 years, and has maintained an unblemished record of lawful conduct.

21.     Defendant's Office of the Pardon Attorney has not acted on Plaintiff's petition in the year since it was filed, prompting Plaintiff to seek records — including organizational and procedural information about how Defendant administers the § 925(c) program — through the FOIA and Privacy Act requests at issue in this action.

### DOJ FOIA Request

22.     On May 19, 2026, Plaintiff retained the National Security Law Firm to represent him in his request for DOJ Office of the Pardon Attorney records under FOIA. A copy of Plaintiff's request is enclosed as **Exhibit A.**

23.     On May 23, 2026, the National Security Law Firm, acting on the Plaintiff's behalf, submitted a request for records to the DOJ pursuant to the FOIA. Evidence of the submission is attached as **Exhibit B**.

24.     On June 2, 2026, Defendant issued an acknowledgment of the FOIA request, assigning tracking number FOIA-2026-03341, and a partial response. A copy of the acknowledgment and partial response is enclosed as **Exhibit C.**

25.     In Defendant's partial response, it provided a link to a website instead of a record in response to the Defendant organizational chart request, and it stated that Plaintiff needs to redirect the statistical information request to a different office within the U.S. Department of Justice. It also stated that Plaintiff's request falls within "unusual circumstances" and thus needs more time beyond the ten additional days provided by the statute to respond.

26.     On the Plaintiff's behalf, the National Security Law Firm submitted an appeal of Defendant's partial response on June 30, 2026. Enclosed as **Exhibit D** are a copy of the appeal and proof of its submission.

27.    Defendant provided an acknowledgment of the administrative appeal on June 30, 2026, and designated it with appeal number A-2026-01782. Attached as **Exhibit E** is the June 30, 2026, acknowledgment.

28.    As of the date of this filing, Defendant has not produced any records under the FOIA, in violation of the statutory deadlines imposed by FOIA and the Privacy Act. Defendant has not produced records in response to our initial records request and it has not produced records or responded to Plaintiff's appeal.

29.    Defendant has wrongly withheld responsive agency records from Plaintiff.

30.    The requested records directly bear on how Defendant is administering its recently reassumed authority under 18 U.S.C. § 925(c). For more than two decades, Congress barred the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") from expending any funds to process applications for relief from federal firearms disabilities under § 925(c), rendering the program effectively dormant. *See United States v. Bean*, 537 U.S. 71, 75 (2002). On March 20, 2025, in an interim final rule titled "Withdrawing the Attorney General's Delegation of Authority," 90 Fed. Reg. 13080, implementing Executive Order 14206, "Protecting Second Amendment Rights" (Feb. 6, 2025), the Department of Justice withdrew ATF's delegated authority over the program and reassigned adjudication of § 925(c) petitions to the Office of the Pardon Attorney. Because this represents a significant and recent change in how the federal government administers relief affecting firearms rights, the public has a substantial interest in understanding the policies, procedures, and organizational structure Defendant has adopted to implement this newly reassigned authority — the precise subject of Plaintiff's FOIA request.

31.    The requested records — including Defendant's organizational chart for the unit administering § 925(c) petitions and statistical information regarding processing and outcomes

7

— are likely to contribute significantly to public understanding of the operations and activities of the federal government, and Plaintiff does not seek them for any commercial purpose. Plaintiff intends to make the requested records available to the public. These considerations bear on any future award of attorney's fees and costs under 5 U.S.C. § 552(a)(4)(E)(i), which takes into account, among other factors, the public benefit derived from disclosure. *See, e.g., Davy v. CIA*, 550 F.3d 1155 (D.C. Cir. 2008); *Tax Analysts v. DOJ*, 965 F.2d 1092 (D.C. Cir. 1992).

32. Plaintiff has exhausted the applicable administrative remedies with respect to his FOIA requests pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

33. Defendant's failure to make a determination on the request within twenty (20) days (excluding Saturdays, Sundays, and legal public holidays) violates 5 U.S.C. § 552(a)(6)(A)(i).

34. Plaintiff is entitled to injunctive relief compelling the release and disclosure of requested agency records.

**CAUSES OF ACTION**

**COUNT I**
**(Violation of FOIA, 5 U.S.C. § 552)**

35. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

36. Plaintiff is an individual seeking records that are in the possession, custody, and control of Defendant.

37. Over 30 days have passed (excepting Saturdays, Sundays, and legal public holidays) after the receipt of Plaintiff's request, and Defendant has not produced these records to Plaintiff for his review.

38.    Over 30 days have passed (excepting Saturdays, Sundays, and legal public holidays) after the receipt of Plaintiff's appeal of Defendant's partial response and Defendant has not responded nor produced records to Plaintiff.

39.    Defendant is required to make a determination on Plaintiff's FOIA request within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request.  5 U.S.C. § 552(a)(6)(A)(i).

40.    Defendant has not made a determination within the 20 day deadline and is, thus, unlawfully withholding records pursuant to 5 U.S.C. § 552.

41.    Defendants are obligated under 5 U.S.C. § 552(a)(3)(A) to conduct a reasonable search for records responsive to Plaintiff's FOIA Requests. Defendants failed to conduct such a search with respect to the Policies and Communications FOIA requests. Plaintiffs have a legal right to obtain such records, and no legal basis exists for Defendants' failure to search for them. Defendants' failure to conduct a reasonable search for records responsive to Plaintiffs' Requests violates 5 U.S.C. § 552(a)(3)(A).

42.    Plaintiff has exhausted all applicable administrative remedies.

43.    WHEREFORE, Plaintiff respectfully requests that the Court: (1) declare that Defendant violated the Freedom of Information Act; (2) order Defendant to immediately disclose the requested records, and limit redactions only to personal identifiable information for DOJ staff and make copies available to Plaintiff; (3) award Plaintiff reasonable costs and attorney's fees as provided in 5 U.S.C. § 552(a)(4)(E); and (4) grant such other relief as the Court deems just and proper.

## COUNT II
### (Violation of the Privacy Act – 5 U.S.C. § 552a(d)(1))

44.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

45.     Plaintiff is an individual seeking records about himself.

46.     Plaintiff submitted a FOIA and Privacy Act request to DOJ on May 23, 2026.

47.     Defendant is required to permit an individual to review his records, upon request pursuant to 5 U.S.C. § 552a(d)(1).

48.     Defendant has not produced these records to Plaintiff for his review. Thus, Defendant is improperly withholding these records in violation of 5 U.S.C. § 552a(d)(1).

49.     Because the Defendant has refused to comply with 5 U.S.C. § 552a(d)(1), Plaintiff has exhausted all statutorily available administrative remedies. Thus, Plaintiff is entitled to bring suit pursuant to 5 U.S.C. § 552a(g)(1)(B).

50.     Plaintiff has a legal right under the Privacy Act to obtain the information he seeks, and there is no legal basis for Defendant's denial of said right. Defendant's refusal to provide Plaintiff with the requested records amounts to a deprivation of Plaintiff's federal rights.

51.     WHEREFORE, Plaintiff requests that this Court award him the following relief: (1) declare that Defendant violated the Privacy Act; (2) enjoin the Defendant from withholding records pursuant to 5 U.S.C. § 552a(g)(3)(A); (3) order Defendant to immediately produce the records that have been improperly withheld from him pursuant to 5 U.S.C. § 552a(g)(3)(A); (4) award Plaintiff reasonable costs and attorney's fees as provided in 5 U.S.C. § 552a(g)(3)(B); and (4) grant such other relief as the Court may deem just and proper.

### PRAYER FOR RELIEF AS TO COUNTS I - II

Plaintiff respectfully requests that the Court:

52.    Declare that Defendant failed to comply with FOIA and the Privacy Act.

53.    Order Defendant to conduct an independent and comprehensive search of its documents and records in response to Plaintiff's FOIA and Privacy Act requests;

54.    Order Defendant to produce all responsive records without further delay or charge;

55.    Enjoin Defendant from continuing to withhold;

56.    Award Plaintiff the costs of this action and reasonable attorney fees against Defendant pursuant to 5 U.S.C. § 552(a)(4)(E) and 5 U.S.C. § 552a(g)(3)(B); and

57.    Grant such other and further relief as this Court deems just and proper.

Dated: August 7, 2026                                    Respectfully submitted,

_Brett O'Brien_

BRETT O'BRIEN, ESQ
DC Bar License #: 1753983
NATIONAL SECURITY LAW
FIRM, LLC
1250 Connecticut Avenue NW
Washington, DC 20036
Phone:  (202) 600-4996
Fax:    (202) 545-6318
*Attorney for Plaintiff*